Abraham N. Geller, J.
Plaintiff moves for retaxation of disbursements stricken by the Clerk for the stenographer’s fees paid by him for a transcript of the trial minutes furnished to the court in a nonjury case.
Plaintiff was the successful party entitled to costs and disbursements in the action. During the trial the court raised the question whether, in view of the nature of the issues and the amount involved, the parties would agree to share the cost of furnishing a transcript of the minutes at the conclusion of the trial. Such arrangement was made and each party paid his half of the stenographer’s charge. It is unfortunate that a stipulation, embodying the arrangement and indicating the parties’ understanding as to taxation by the successful party of his payment of one half of that charge, was not entered on the record. In any event, plaintiff is not entitled to tax the fee paid for the additional copy delivered to his counsel. Indeed, the question as to whether he is entitled to tax his one-half payment of the charge for the transcript furnished to the court is not entirely free from doubt.
It has been noted that there is confusion in past decisions on this subject, some permitting taxation while others denied it (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8301.32). In the original Code of Civil Procedure there was a provision authorizing the court to direct disbursements for minutes shared equally, so that the successful party could thereafter tax his one half. But this was omitted from the Civil Practice Act. Section 1518, dealing with taxable disbursements, contained no provision as to trial minutes. It did include an omnibus provision for “ Such other reasonable and necessary *1025 expenses as are taxable according to the course and practice of the court ”. (Subd. 10.) Those cases denying taxation of trial minutes pointed out that there was no longer any existing statute or rule of court providing for the furnishing by the parties of a transcript of the minutes of the trial. Those granting taxation presumably found that this was according to the course and practice of the court.
CPLB 8301 (subd. [a], par. 12) adds to this omnibus provision the significant phrase, “ or by order of the court.” Although the Advisory Committee’s notes do not refer to this addition, it has been authoritatively stated, with a clear reference to the propriety of taxing the cost of a transcript furnished to the court: “ Undoubtedly, the words reflect the inherent power of a court and their insertion is designed to ameliorate the restrictive judicial attitude toward disbursement statutes. * * * The new language may be applied to items whose taxability has never been litigated as well as to expenses that have been rejected as taxable disbursements in the past because of the lack of a statutory basis for taxation.” (8 Weinstein-KornMiller, N. T. Civ. Prae., par 8301.24.)
While the Judge presiding at a trial may require the stenographer to furnish without charge a transcript of the testimony or proceedings or part thereof (Judiciary Law, § 299), it would be a rather unreasonable requirement where any substantial portion is requested. For that situation subdivision 2 of section 302 of the Judiciary Law authorizes payment of the stenographer’s fees by county or city, as the case may be, upon the certificate of the Judge. But, obviously, these provisions were not intended to saddle a county or city with the expense of a trial transcript where the parties’ financial circumstances, the amount involved and the nature of the issues reasonably suggest that the parties should share in the cost of the transcript needed to facilitate the court’s findings and determination. Here the court suggested it in view of the circumstances of the case and the parties paid for the court’s transcript equally. Had either objected and the other then paid the entire cost and turned out to be the successful party, there should be no reason to deny him taxability of minutes so long as they have been furnished for the use of the court.
In view of the clear intent underlying the added statement in CPLB as to the court’s power in its sound discretion to order taxation of reasonable disbursements actually incurred, there should no longer be any question as to the taxability of the cost of trial minutes furnished in a proper case at the request *1026 or suggestion of the Trial Judge. Of course, a stipulation covering the subject would avoid the necessity of an order of the court.
Taxability may be provided by order of the court upon motion before taxation or as part of a motion for judicial review of taxation by the Clerk. The Clerk is accordingly directed to include in the bill of costs plaintiff’s payment of one half of the stenographer’s fees for the complete trial minutes furnished to the court, amounting to the sum of $257.63.